UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ROBERT MANN SR., VERN MURPHY-MANN, DEBORAH MANN, ZACHARY MANN, and WILLIAM MANN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, SAMUEL D. SOMERS JR., JOHN C. TENNIS, and RANDY R. LOZOYA<br><br>Defendants. | CIV. NO. 2:17-01201 WBS DB<br><br><u>ORDER RE: MOTION TO STRIKE AFFRIMATIVE DEFENSES</u> |

----oo0oo----

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, plaintiffs move to strike the following affirmative defenses from defendants City of Sacramento and Sacramento Police Department's Answer to the Complaint: (1) immunity for management decisions under California Government Code § 815.2.2; (2) immunity under California Government Code § 821.6 for

1

investigative actions; (3) immunity under California Government Code §856 for the determination to confine or not confine Joseph Mann for mental illness; and (4) defendants Tennis and Lozoya acted in self-defense and in defense of others.

"Immunity under § 1983 is governed by federal law; state law cannot provide immunity from suit for federal civil rights violations." Wallis v. Spencer, 202 F.3d 1126, 1144 (9th Cir. 2000)(citing Martinez v. California, 444 U.S. 277, 284 (1980). For the first three affirmative defenses, defendants assert they are immune under different sections of the California Government Code. State law cannot provide immunity for the federal claims asserted by the plaintiffs.

To hold a municipality to § 1983 liability under Monell v. Department of Social Services, 436 U.S. 658 (1978, there must be an underlying constitutional violation. See City of Los Angeles v. Heller, 475 U.S. 796, 799 ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point."); Long v. City and County of Honolulu, 511 F.3d 901, 907 (9th Cir. 2007) ("If no constitutional violation occurred, the municipality cannot be held liable . . . .")

There is no underlying constitutional violation if the officers were justified in using self-defense against Joseph Mann. See Scott v. Henrich, 39 F.3d 912, 916 (9th Cir, 1994)(finding municipality could not be held liable because Officers' decision to enter the building and use deadly forced complied with the requirements of the Fourth Amendment.); Fairley

2

v. Luman, 281 F.3d 913, 916 (9th Cir. 2002) ("Exoneration of Officer [] on the charge of excessive force precludes municipality liability for the alleged unconstitutional use of such force."). The fourth affirmative defense will accordingly not be stricken.

IT IS THEREFORE ORDERED that plaintiff's Motion to Strike Affirmative Defenses from the City of Sacramento and the Sacramento Police Department's Answer to the Complaint be, and the same hereby is, GRANTED with respect to defendants' first, second, and third defenses and DENIED with respect to the fourth defense.

Dated: September 19, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE