UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ROBERT MANN SR., VERN MURPHY-MANN, DEBORAH MANN, ZACHARY MANN, and WILLIAM MANN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, SAMUEL D. SOMERS JR., JOHN C. TENNIS, and RANDY R. LOZOYA,<br><br>Defendants. | CIV. NO. 2:17-01201 WBS DB<br><br>ORDER RE: MOTION TO DISMISS |

----oo0oo----

Joseph Mann ("decedent") was shot and killed by Sacramento Police officers John C. Tennis and Rand R. Lozoya on July 11, 2016. Decedent's siblings have brought this action under 42 U.S.C. § 1983 to recover damages for deprivation of their First Amendment right of association with decedent. Presently before the court is defendants Tennis and Lozoya's Motion to Dismiss Plaintiffs' Complaint under Rule 12(b)(6) of

1

the Federal Rules of Civil Procedure.

Plaintiffs concede that § 1983 claims for loss of companionship under the Fourteenth Amendment Due Process Clause are limited to parents and children. See Ward v. City of San Jose, 967 F.2d 280, 283-84 (9th Cir. 1991). The question before the court on this motion is whether § 1983 actions for loss of association under the First Amendment are subject to the same limitation. For the following reasons, the court concludes they are not.

The only case to this court's knowledge dealing directly with this question is Judge Pregerson's decision in Graham v. County of Los Angeles, No.10-05059, 2011 WL 3754749, at *2 (C.D. Cal. Aug. 25, 2017) (holding that the fiancé of decedent had standing to bring a § 1983 claim under the Free Association Clause of the First Amendment).

This conclusion finds support in the language of both Supreme Court and the Ninth Circuit caselaw. In Board of Directors of Rotary International v. Rotary Club of Duarte, 481 U.S. 537, 545 (1987), the Supreme Court said, "[T]he First Amendment protects those relationships, including family relationships, that presuppose 'deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life.'" Id. (quoting Roberts v. United States Jaycees, 468 U.S. 609, 622 (1984).

In IDK, Inc. v. Clark County, 836 F.2d 1185, 1194 (9th Cir. 1988), the Ninth Circuit noted that, "[d]ating and other

social associations to the extent that they are expressive are not excluded from the safeguards of the first amendment." Nothing in the language of either the Supreme Court or the Ninth Circuit suggests that these first amendment protections are limited to the relationship between parents and children.

This result does raise some perplexing questions. Why, for example, would the Supreme Court go to all the trouble in Ward to limit the right of recovery under the Fourteenth Amendment to parents or children if others can simply recover under the First Amendment? How are the courts to determine who has the requisite degree of intimacy with the decedent to assert a First Amendment claim? These questions, however, are not before this court today. It is sometimes said that tough cases make bad law. Here it might more appropriately be said that bad law makes tough cases.

For the foregoing reasons, the court cannot conclude at this stage of the proceedings as a matter of law that plaintiffs do not have standing to bring their § 1983 claim for deprivation of their First Amendment right of association with decedent.

IT IS THEREFORE ORDERED that defendants' motion to dismiss plaintiffs' Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure be, and the same hereby is, DENIED.

Dated: September 19, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE