MATTHEW D. RUYAK, Interim City Attorney (SBN 184772)
**SEAN D. RICHMOND, Senior Deputy City Attorney (SBN 210138)**
srichmond@cityofsacramento.org
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA  95814-2608
Telephone:  (916) 808-5346
Telecopier:  (916) 808-7455

Attorneys for the CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT and SAMUEL D. SOMERS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MANN, SR.; VERN MURPHY-MANN; DEBORAH MANN; ZACHARY MANN; and WILLIAM MANN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SACRAMENTO; SACRAMENTO POLICE DEPARTMENT; SAMUEL D. SOMERS, JR.; JOHN C. TENNIS; and RANDY R. LOZOYA,<br><br>Defendants. | Case No.:  2:17-cv-01201-WBS-DB<br><br>**DEFENDANTS CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT AND SAMUEL D. SOMERS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STAY** |

**TO: The Clerk of the Court and to Plaintiff and His Attorneys of Record:**

Defendants City of Sacramento, Sacramento Police Department and Samuel D. Somers' (hereinafter "City Defendants") hereby submit this Reply to Plaintiff's Opposition to City Defendants' Motion to Stay.

///

///

///

///

1

## LAW AND ARGUMENT

**A. The United States Supreme Court Has Held That a Municipality Cannot Be Held Liable When a Police Officer Inflicted No Constitutional Harm**

The Supreme Court has held that a municipality cannot be held liable if the trier of fact determines that the municipality's police officer inflicted no constitutional harm. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). In *Heller*, two police officers attempted to arrest Plaintiff on suspicion of drunken driving. *Id*. at 797. When making the arrest, Plaintiff became belligerent and struggled with the officers then fell through a plate glass window. *Id*. Plaintiff sued the officers claiming excessive force was used and his constitutional rights were abridged in violation of 42 U.S.C. § 1983. He also sued the City of Los Angeles, the officers' employer under a *Monell* theory. *Id.* at 799. A jury found that the officers were not liable to Plaintiff. *Id*. at 798. The Supreme Court held that "if a person has suffered no constitutional injury at the hands of the individual officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point." *Id.* at 799. The *Heller* decision has been followed by the Ninth Circuit. See *Scott v. Henrich,* 39 F. 3d 912 (9TH Cir. 1994); *Quintanilla v. City of Downey*, 84 F. 3d 353 (9th Cir. 1996.)

In *Scott*, the Court held that "[w]hile the liability of municipalities doesn't turn on the liability of individual officers, it is contingent on a violation of constitutional rights. Thus, municipal defendants cannot be held liable where no constitutional violation occurred." *Scott v. Henrich*, 39 F. 3d 912, 916 (9th Cir. 1994.)

Here, Plaintiffs claim that the First Amendment rights to freedom of association with the decedent was violated as a result of excessive force used by City of Sacramento Police Department Officers John Tennis and Randy Lozoya. If the Ninth Circuit were no to reverse this Court's decision and order that co-defendants Tennis and Lozoya are immune from suit and therefore they did not violate Plaintiffs' constitutional rights, the City Defendants could not be held liable. As such, by definition the claims against the City Defendants and Defendants Tennis and Lozoya are "inextricably intertwined."

///

## **CONCLUSION**

    For the reasons set forth herein and those more fully identified in the City Defendants' moving papers, it is respectfully requested that the Court order a stay of the entire proceeding pending co-defendants' appeal to the Ninth Circuit Court of Appeal.

DATED:  December 11, 2017        MATTHEW D. RUYAK,
                                              Interim City Attorney

                               By:   /s/ SEAN D. RICHMOND17
                                     **SEAN D. RICHMOND**
                                     Senior Deputy City Attorney

                                     Attorneys for the
                                     CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT and SAMUEL D. SOMERS