UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ROBERT MANN, SR.; VERN MURPHY-MANN; and DEBORAH MANN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SACRAMENTO; SACRAMENTO POLICE DEPARTMENT; SAMUEL D. SOMERS, JR.; JOHN C. TENNIS; and RANDY R. LOZOYA,<br><br>Defendants. | No. 2:17-cv-01201 WBS DB<br><br>ORDER RE: DEFENDANTS' MOTION TO STAY |

----oo0oo----

On February 24, the court denied defendants Tennis and Lozoya's (the "Officer defendants") motion to dismiss plaintiff's § 1983 claim for loss of intimate association rights under the First Amendment. (Docket No. 98.) Because the court's order involved a denial of the Officer defendants' request for qualified immunity, the Officer defendants appealed the court's order on March 11, 2021. (Docket No. 99.)

Defendants City of Sacramento, Sacramento Police

1

Department, and Samuel D. Somers (the "City defendants") now move to stay proceedings pending the Officers' interlocutory appeal. ((Mot. to Stay (Docket No. 103).)

A federal court can stay a proceeding pending the outcome of an interlocutory appeal. See Nken v. Holder, 556 U.S. 418, 421 (2009). The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The Supreme Court has instructed district courts to consider four factors when determining whether a stay is appropriate: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken, 556 U.S. at 434.

Here, while it is unclear exactly how the Ninth Circuit will rule on the Officer defendants' appeal, plaintiffs' Monell claim against the City should remain viable regardless of how the court rules on the Officer defendants' qualified immunity. See Horton v. City of Santa Maria, 915 F.3d 592, 603 (9th Cir. 2019) ("A municipality may be liable if an individual officer is exonerated on the basis of the defense of qualified immunity, because even if an officer is entitled to immunity a constitutional violation might still have occurred.").

Plaintiffs represent that they seek the contents of an Internal Affairs report ("IA Report") prepared by the City of

Sacramento after the shooting of Joseph in 2016. That information will be relevant to plaintiffs' Monell claim, and the court sees no reason why turning it over to plaintiffs now would prejudice defendants. Plaintiffs also represent that they wish to take depositions, including those of the Officer defendants. Allowing those depositions to be taken now, before resolution of the pending appeal, could create the need to take some depositions again after the Ninth Circuit's decision.

Accordingly, considering all of the Nken factors, defendants' motion to stay discovery pending appeal (Docket No. 103) is DENIED to the limited extent that plaintiffs seek the contents of the City's IA Report. To the extent that defendants seek to take depositions, they shall make application to the assigned magistrate judge, setting forth the witnesses they seek to depose and the nature of the testimony they expect to elicit. Pending resolution of defendants' appeal, no depositions may be taken without advance approval of the assigned magistrate judge.

Upon resolution of the Officer defendants' pending appeal, counsel shall file a joint status report within ten days of the issuance of the Ninth Circuit's mandate.

IT IS SO ORDERED.

Dated: May 4, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE